### In re BLEICHFELD BAG & BURLAP CO., Inc.

United States District Court
W. D. New York.
May 29, 1952.

George L. Grobe, U. S. Atty., John A. Lynch, Sp. Asst. U. S. Atty., Buffalo, N. Y., for the United States.

Abraham N. Carrel, Buffalo, N. Y., for Bleichfeld Bag & Burlap Co., Inc.

KNIGHT, Chief Judge.

Proceeding under the Defense Production Act of 1950, § 705, Tit. 50 U.S.C.A. Appendix § 2155 has been instituted by the Government to compel defendant to show cause before this Court, May 19, 1952, at ten o'clock, for an order directing defendant to appear and produce for inspection its sales invoices required to be maintained by General Ceiling Price Regulation for the period December 19, 1950 to date (May 8, 1952, the date of demand and service upon defendant-respondent of "Inspection Authorization" and "Subpena Duces Tecum").

The motion is based upon the affidavit of the District Enforcement Director of the Office of Price Stabilization wherein it appears that he is authorized to perform the

duties of such officer; that defendant is subject to certain OPS regulations including General Ceiling Price Regulation under § 16 of which regulation defendant is required to preserve and keep available for examination by the Director of Price Stabilization records showing prices charged by it for its commodities sold during the base period of December 19, 1950, through January 25, 1951, and to prepare and keep available for inspection by the Director records showing the prices charged since the effective date of the Regulation; that on or about May 5, 1952, pursuant to his duty and authority the Director determined that an inspection of such records should be made in the course of a compliance investigation and at that time defined the scope and purpose of the inspection or investigation and assured himself that the desired information could not be obtained from any Federal or other responsible agency; that on May 8, 1952, the Director issued an inspection authorization to defendant pursuant to § 705 (a) which was served on defendant on the same day; that defendant refused access to such records and thereupon on the same day the Director issued a subpoena duces tecum pursuant to said § 705(a) which was served on defendant forthwith, and that defendant has wholly failed and refused to comply with the requirements of the subpoena and refused to appear and produce the records therein described.

Upon the argument of the motion and in its brief, defendant has not disputed the matters set forth in the affidavit of the Director. However, it is stated in the affidavit filed in behalf of the defendant "That at no time did deponent (defendant's treasurer, who is a lawyer) or the officers of said corporation attempt to impede or delay the Director of Enforcement from examining the books of the corporation, as requested. Deponent felt, after consulting with his Attorney, that the moving papers were defective, that the Director of Enforcement was not entitled under Section 705 of the Defense Production Act of 1950 to such an inspection of the corporate books, nor was Director of Enforcement entitled to an inspection by reason of all the articles of the Constitution of the United States of America, and for those reasons took the position, and is now taking the position that the order sought herein by said Director of Enforcement should be denied." Defendant in that affidavit then charges the Director with dishonesty or fraud upon the Court in obtaining the order to show cause in that he "came to a conclusion that he could not obtain the information he is seeking from other sources, unless he looked over deponent's corporation's sales invoices. This is absolutely not so as he could obtain said information from others in the trade other than the Bleichfeld Bag & Burlap Co., Inc."

The pertinent part of § 705(a) is as follows: "* * * The President shall issue regulations insuring that the authority of this subsection will be utilized only after the scope and purpose of the investigation, inspection, or inquiry to be made have been defined by competent authority, and it is assured that no adequate and authoritative data are available from any Federal or other responsible agency. * * *"

Defendant takes the position that § 705(a) is unconstitutional under the provisions of the Fourth Amendment of the Constitution of the United States of America; and, "that the Director of Enforcement and his agents are on a fishing expedition and are attempting to secure information to which they are not entitled."

Paralleling the Director's affidavit with the requirements of § 705(a), it appears that the Director was vested with authority and had the duty to enforce or administer the provisions of the Defense Production Act and the regulations and orders issued thereunder; that the scope and purpose of the investigation, inspection, or inquiry have been defined by him as the competent authority and there is assurance by him that no adequate and authoritative data are available from any Federal or other responsible agency.

It is to be observed that defendant is required under the Act to make and preserve records showing prices charged by it for its commodities sold; there is no provision that such records are to be filed in any official place; they are to be kept and preserved by defendant. Despite the statement in the

defendant's reply affidavit that there was no attempt to impede or delay the examination by the Director of the invoices sought, it is beyond dispute that no examination has been permitted by defendant. The effectiveness of the refusal of permission to examine the records by peaceable means is as complete as an unsuccessful combat, when examination has not been had.

In Wilson v. United States, 221 U.S. 361, 380, 31 S.Ct. 538, 544, 55 L.Ed. 771, Mr. Justice Hughes wrote as follows:

"But the physical custody of incriminating documents does not of itself protect the custodian against their compulsory production. The question still remains with respect to the nature of the documents and the capacity in which they are held. * * * The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established. There the privilege which exists as to private papers cannot be maintained." Many illustrations in decisions are cited. And see Bowles v. Stitzinger, D.C., 59 F. Supp. 94.

Nor is there a dispute that demand was properly made for permission to examine the defendant's "sales invoices from December 19, 1950 to date."

■■ . The validity of the Defense Production Act of 1950, and more particularly § 705, is sustained. The Act does not violate. the provisions of the Fourth Amendment of the Constitution of the United States of America. Bowles v. Stitzinger, D.C., 59 F.Supp. 94. Neither is this proceeding a fishing expedition. Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614.

The Director advised defendant that the scope and purpose of the investigation, inspection or inquiry was to examine its sales invoices for compliance by defendant with the Act.

It is quite apparent that defendant had in its possession the only complete source of knowledge of the contents of its sales invoices. The invoices were not required to be filed in any specified place, or with any Federal or other responsible agency, or out of the custody or possession of defendant. The records sought were entirely in the possession of defendant pursuant to the Act, and presumably are presently held by defendant more particularly for compliance with the Defense Production Act of 1950. Defendant then is but the custodian of the records sought.

The order for defendant Bleichfeld Bag & Burlap Co., Inc. to produce its sales invoices covering the period from December 19, 1950 to date is granted.